## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____ X

**THE WAR HORSE NEWS, INC.,**                                 :
P.O. Box 399,                                                :
Richlands, NC 28574                                          :
                                                             :
and                                                          :
                                                             :
**THOMAS J. BRENNAN**,                                       :
c/o The War Horse News, Inc.                                 :
P.O. Box 399,                                                :
Richlands, NC 28574                                          :
                              **Plaintiffs,**                :
                                                             :
            v.                                               :
                                                             :      Civil Action No.
**U.S. DEPARTMENT OF THE NAVY**                              :
1000 Navy Pentagon                                           :
Washington, D.C. 20530-1000                                  :
                                                             :
and                                                          :
                                                             :
**HEADQUARTERS, U.S. MARINE CORPS**                          :
3000 Marine Corps Pentagon                                   :
Room 2C253                                                   :
Washington, DC 20350-3000                                    :
                                                             :
                              **Defendants.**                :
_____X


## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs THE WAR HORSE NEWS, INC. and THOMAS J. BRENNAN (collectively

"The War Horse"), by their undersigned attorneys, allege as follows:

### INTRODUCTION

1.      The War Horse filed a request ("the Request") under the Freedom of Information

Act, 5 U.S.C. § 552 ("FOIA") to obtain records pertaining to officer misconduct and substandard

performance.  Headquarters, U.S. Marine Corps ("HQMC") and U.S. Department of the Navy

("DON") denied the Request in whole, asserting that FOIA exception (b)(5) protects all records

held in the entire database from release.  The War Horse respectfully brings this action under

FOIA seeking declaratory, injunctive, and other appropriate relief.

2.      Issues surrounding the military justice system have sparked constant debate in the

public and within the legislative and executive branches of government.

3.      The legislative branch has been so dissatisfied with the military justice system

that within the last decade, Congress has legislated major changes to the system on at least three

separate occasions.  In the past 12 months alone, Congress overhauled the system by reducing

the military chain-of-command's involvement and role in decision-making for certain offenses.

*See* Philip Cave *et al.*, *The Division of Authority Between the Special Trial Counsel and

Commanders Under the Uniform Code of Military Justice: Planning Now for the Next Phase of

Reform*, LAWFARE (Feb. 28, 2022), https://www.lawfareblog.com/division-authority-between-

special-trial-counsel-and-commanders-under-uniform-code-military-justice.

4.      Addressing failures within the military justice system is also a top priority for the

executive branch.  On his first day in office, Secretary of Defense Lloyd Austin ordered a far

reaching report identifying the efforts U.S. Department of Defense leadership have made to

prevent sexual assault and harassment, accountability measures that have been implemented that

"show promise," and a "frank" assessment of accountability measures that are not working.  *See*

Lloyd Austin, *Countering Sexual Assault and Harassment – Initial Tasking*, Secretary of

Defense Memorandum (January 23, 2021), https://media.defense.gov/2021/Jan/23/2002569727/-

1/-1/1/MEMORANDUM-ON-COUNTERING-SEXUAL-ASSAULT-AND-HARASSMENT-

INITIAL-TASKING.PDF; *see also* Shawna Mizelle, *Defense Secretary Lloyd Austin orders*

*review of military sexual assault prevention programs*, CNN (Jan 24, 2021),

https://www.cnn.com/2021/01/24/politics/dod-sexual-assault-order/index.html.

5.      The War Horse investigates and reports on the military justice system and the

military's failures to protect the vulnerable within its ranks, the citizens it is charged with serving

and defending, at home and abroad.

6.      In 2017, The War Horse exposed "Marines United," an online social media group

where hundreds of U.S. Marines, including veterans, solicited and shared—without consent—

naked photographs of hundreds of their fellow U.S. Marines, active duty servicemembers, and

veterans.  *See* Thomas J. Brennan, *Marines Ambush Women In Uniform*, The War Horse (Mar. 4,

2017), https://thewarhorse.org/an-attack-from-within-male-marines-ambush-women-in-uniform/.

The War Horse was awarded the American Legion Fourth Estate Award and the Edward R.

Murrow Award (its first of three) for Investigative Reporting for its work exposing "Marines

United."

7.      In 2020, The War Horse investigated United States Marine Corps Corporal Thae

Ohu's court-martial where the military justice system first ignored and then weaponized Cpl

Ohu's mental health against her.  Thomas J. Brennan, *Gag Order: How Marine Corps Culture

Silenced a Victim of Sexual Assault*, The War Horse (Dec. 1, 2020), https://thewarhorse.org/gag-

order-how-marine-corps-culture-silenced-a-victim-of-sexual-assault/.  The War Horse's

reporting demonstrated how military officers responsible for overseeing that court-martial

process operated with impunity.  The War Horse received three awards for its coverage of the

USMC's gross mishandling of Cpl Ohu's court-martial, including the Robert F. Kennedy Human

Rights Journalism Award and a second Edward R. Murrow Award for Investigative Reporting.

8.      And as a continuation of its military justice reporting, The War Horse's "Lost Trust and Confidence" investigation explored the military justice system's double standard for officers.  Thomas J. Brennan, *"Lost Trust and Confidence" – How the Military Covers Up Officer Misconduct and Why That's Harmful to Democracy*, The War Horse (Apr. 28, 2021), https://thewarhorse.org/lost-trust-confidence-how-military-leaders-cover-up-officer-misconduct-and-harm-democracy/.  Through its investigation, the War Horse identified nearly 130 cases across the armed forces where senior officers, including flag officers (i.e., generals and admirals—those charged with leading all soldiers, sailors, marines, and airmen), were relieved of their commands and duties for "lost trust and confidence," but where the military released insufficient or no information to the public explaining the bases for its "lost trust and confidence" decision regarding these senior officers.

9.      Following its "Lost Trust and Confidence" investigation, The War Horse has published a series of investigative articles through its Black Book Series, which  highlights the lack of faith in leadership to hold accountable its fellow officers.  *See* Thomas J. Brennan, *How "Sugar Daddy Deals" and a "Black Book" Deny Service Members Justice*, The War Horse (April 7, 2022), https://thewarhorse.org/marine-corps-black-book-track-hides-officer-crime/. The Black Book Series reveals how the Marine Corps protects its senior officers and how Marines are worried about the lack of accountability and professionalism in its legal community. As part of its investigation, The War Horse submitted a FOIA request—the Request—for records maintained in the Officer Disciplinary Notebook Management System ("ODNMS").

10.     The U.S. Marine Corps ("Marine Corps") tracks officer misconduct and substandard performance through ODNMS, which is an internet database.  MARINE CORPS

ORDER 5800.16 , Vol. 15, LEGAL SUPPORT AND ADMINISTRATION MANUAL ¶ 010401 (Aug. 8, 2018).

11.      Users are required to make certain entries during the lifespan of a case.  For example, ODNMS contains fillable fields for basic information about the Marine officer, case chronology, and any companion cases, *id.* at ¶ 010405; and offers the ability to upload documents, such as publicly available court records, into ODNMS.  *See id.* at ¶ 010612.

12.      ODNMS entries are purely factual. The system's purpose is to track the status of officer misconduct investigations, and so many individuals, including many non-attorneys, review and edit the ODNMS on a weekly basis. The ODNMS is not used to discuss or share legal opinions, case strategy, or similar substantive analyses.  *See* ODNMS User's Guide, Headquarters Marine Corps, Judge Advocate Division (January 10, 2014), https://thewarhorse.org/wp-content/uploads/2022/04/ODNMS-Users-Guide-10-Jan-14.pdf.

13.      The Department of Defense Inspector General has previously referenced records stored in ODNMS in a public report to Congress.  Response to Congress House Report 116-120, to accompany the National Defense Authorization Act for FY2020, "Measure Officer Accountability," Dep't of Defense Inspector General dtd Mar 4, 2020 fn 11 ("Marine Corps data bases used in compiling its response included: . . . Officer Disciplinary Notebook Management System (ODNMS) . . . .").

14.      FOIA "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties."  *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (internal citation omitted).  "[D]isclosure, not secrecy, is the dominant objective" of FOIA.  *Dep't of Interior v. Klamath Water Users Protective Ass'n*,

532 U.S. 1, 8, (2001) (internal quotation marks and citations omitted).  Newsrooms, such as The War Horse, play a critical role in providing information to citizens about what their government is up to.  Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people."  *New York Times. Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J. concurring).

15.     Through the Request, Plaintiffs seek to shed light on the military justice system and its failure to hold officers accountable to the detriment of those whom these officers are charged with protecting.

## PARTIES

16.     Plaintiff The War Horse News, Inc. is a nonprofit newsroom that reports on the human impact of military service.  The War Horse News, Inc. holds power to account, strengthens our democracy, and improves understanding of the true cost of military service.

17.     Plaintiff Thomas J. Brennan is the founder and executive director of The War Horse News, Inc.  Mr. Brennan is an investigative journalist whose reporting examines failures of the military justice system, including how the system is abused to protect senior officers from accountability.  Mr. Brennan made the Request at issue in this case in the course of his investigation and reporting for The War Horse News, Inc.

18.     Defendant Department of the Navy is a Department of the United States military and is an agency as defined by 5 U.S.C. § 552(f).  DON has possession and control over the records sought by Plaintiffs.

19.     Defendant Headquarters, U.S. Marine Corps is a subordinate component of DON and an agency as defined by 5 U.S.C. § 552(f).  HQMC has possession and control over the records sought by Plaintiffs.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

21.     Venue is proper in the District of Columbia under 5 U.S.C. § 552(a)(4)(B).

## FACTS

22.     On June 1, 2022, The War Horse submitted the Request to the HQMC, the organization responsible for processing and responding to FOIA requests for ODNMS records. The Request provided the following:

> I seek a full copy of the Officer Disciplinary Notebook Management System (ODNMS) database.  Releasable information should also include all edit histories to ODNMS entries and contain all ODNMS records since inception.  The location, use, and description of the ODNMS can be found here:  https://thewarhorse.org/wp-content/uploads/2022/04/ODNMS-Users-Guide-10-Jan-14.pdf.

A true and correct copy of the FOIA Request is attached as **Exhibit A**.

23.     On June 3, 2022, The War Horse received an email from admin@foiaonline.gov stating that the Request, under assigned case number DON-USMC-2022-008898, was denied expedited processing.  *See* **Exhibit A**.

24.     On July 1, 2022, HQMC, the initial denial authority, issued a final disposition to the War Horse, denying the Request in full.  The final disposition letter only stated the following rationale for the denial:

> The Department of the Navy Office of the Judge Advocate General (General Litigation Division) has previously determined that the ODNMS and its contents constitute attorney work-product.  As such, they are protected from disclosure by FOIA exemption (b)(5),

> which precludes the release of information that is privileged (attorney/client communications or attorney work-product) or deliberative in nature.

A true and correct copy of this final disposition letter is attached as **Exhibit B**.

25.     On July 14, 2022, The War Horse timely appealed the initial determination to the U.S. Department of the Navy, Office of the Judge Advocate General (Code 14).  A true and correct copy of this appeal letter is attached as **Exhibit C**.

26.     On August 8, 2022, the U.S. Department of the Navy, Office of the Judge Advocate General (Code 14) denied The War Horse's appeal, under assigned appeal number DON-NAVY-2022-010900.  The denial letter stated that the entire ODNMS database was properly withheld under FOIA exemption (b)(5) as attorney work-product, and further stated:

> As I have found that the ODNMS is protected attorney work-product, there is no need to conduct any analysis concerning either the attorney-client privilege or the deliberative process privilege, both of which are nonetheless applicable, at least in part, to each ODNMS entry (as are FOIA exemptions (b)(6) and (b)(7)(C)).

A true and correct copy of this letter is attached as **Exhibit D**.

27.     After exhausting all administrative remedies, Plaintiffs bring this cause of action.

## FIRST CAUSE OF ACTION
### Violation of FOIA, 5 U.S.C. § 552
### Unlawful Withholding of Non-Exempt Documents

28.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

29.     Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any disclosable records in their possession at the time of the request and provide a lawful reason for withholding any other materials as to which they are claiming an exemption.

30.     Defendants have neither produced any records responsive to the Request nor conducted a reasonable search for records.  Further, Defendants have not adequately described the documents withheld, established a factual or legal basis for the application of FOIA exemptions to the responsive documents, and disclosed reasonably segregable portions of records.

31.     The requested records are not exempt under FOIA.

32.     Plaintiffs are entitled to an order compelling Defendants to produce all records responsive to the Request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)     Declare that Defendants' failure to disclose responsive records violates FOIA;

(2)     Declare unlawful and enjoin Defendants' practice of labelling the entire ODNMS records system as subject to exception (b)(5) of FOIA in order to refuse to comply with their required duties under FOIA;

(3)     Order Defendants to conduct a prompt, reasonable search for records responsive to The War Horse's FOIA request, without imposing search or duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A);

(4)     Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5)     Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA 5 U.S.C. § 552(a)(4)(E); and

(6)     Grant Plaintiffs such other and further relief as this Court deems just and equitable.

Dated:  October 28, 2022

Respectfully submitted,


_____/s/_____

Soraya Mohamed (D.C. Bar No. 241493)
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW; Suite 500 East
Washington, D.C. 20005-3317
202-973-4200
202-973-499 (fax)
sorayamohamed@dwt.com

Thomas R. Burke (*pro hac vice application to be filed*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street
San Francisco, CA 94111
415-276-6500
thomasburke@dwt.com

David Nordlinger (*pro hac vice application to be filed*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
206-622-3150
davidnordlinger@dwt.com

Chad Darcy (*pro hac vice application to be filed*)
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights, Suite 1100
Anchorage, AK 99503
907-257-5300
chaddarcy@dwt.com


*Attorneys for Plaintiffs*
*The War Horse News, Inc. and*
*Thomas J. Brennan*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2022, I caused the foregoing Complaint for Injunctive and Declaratory Relief for Violation of the Freedom of Information Act to be served via the court's CM/ECF system upon the Clerk of the Court and via First Class mail, postage prepaid, upon the following persons:

**U.S. DEPARTMENT OF NAVY**
1000 Navy Pentagon
Washington, D.C. 20530-1000

**HEADQUARTERS MARINE CORPS**
3000 Marine Corps Pentagon
Room 2C253
Washington, D.C. 20350-3000

_/s/_ Soraya Mohamed